UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STRIBLING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LUCERO,<br><br>　　　　Defendant. | No.  2:16-cv-01438-TLN-JDP<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant Lucero's ("Defendant") Notice of Plaintiff's Death and Request for Dismissal of Action with Prejudice.  (ECF No. 44.)  For the reasons discussed herein, Defendant's Request is GRANTED.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2016, Plaintiff Aaron Stribling ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, asserting a single cause of action against Defendant for excessive force in violation of the Eighth Amendment. (*See* ECF No. 38 at 1.) Plaintiff claims that, while he was being transported via bus to another state prison, he had a dispute with Defendant about being provided water and Defendant grabbed him by the collar and repeatedly shook him. (*Id.* at 2–5.)

The matter was initially set for trial on June 10, 2019, but was postponed by the Court to May 11, 2020, due to the precedence of an older civil trial, and then to April 12, 2021, due to COVID-19. (*See* ECF Nos. 41, 42.)

In a supporting declaration, Counsel for Defendant asserts that she initially learned of Plaintiff's death when the Court's October 1, 2020 Order (ECF No. 43) served on Plaintiff was returned as "undeliverable, deceased." (ECF No. 44-1 at 1.) Thereafter, Counsel confirmed with Salinas Valley State Prison and the Sacramento County Coroner's Office that Plaintiff died in a single-vehicle accident on August 8, 2020. (ECF No. 44 at 2; ECF No. 44-1 at 2–5.)

On October 20, 2020, Defendant filed the instant request for dismissal on the basis that Plaintiff's sole claim for excessive force — which is unrelated to his death — does not survive his death. (ECF No. 44.) The Court construes Defendant's filing as a request for dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 25.

### II. STANDARD OF LAW

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

### III. ANALYSIS

In the instant case, Defendant has sufficiently established that Plaintiff's action does not survive his death. "The question of whether an action survives the death of a party must be

determined by looking towards the law, state or federal, under which the cause of action arose." *Continental Assurance Co. v. American Bankshares Corp.*, 483 F. Supp. 175, 177 (E.D. Wis. 1980). The test for survivorship hinges on whether the statutory provision is primarily penal in nature or remedial in nature. *See Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483 (N.D. Cal. 2004) ("penalties do not survive for the reason that a decedent is beyond punishment … [whereas] actions to recompense or compensate a plaintiff for a harm inflicted upon him by a decedent do survive.").

Section 1983 litigation follows state law with regard to survival actions. *Robertson v. Wegman*, 436 U.S. 584, 589–90 (1978). California Code of Civil Procedure § 377.34 states that the damages recoverable by a decedent's successor "are limited to the loss or damage that the decedent sustained or incurred before death, . . . [but not] damages for pain, suffering, or disfigurement." Cal. Code Civ. P. § 377.34; *see also Cty. of Los Angeles v. Superior Court*, 21 Cal. 4th 292, 305 (1999). In the instant case, it is undisputed that Plaintiff suffered no physical injury as a result of the alleged excessive force incident, and Plaintiff was only seeking punitive damages and damages for mental anguish at trial. (ECF No. 38 at 4–6.) Neither of these remedies is available in a survival action. Cal. Code Civ. P. § 377.34; *see also Bracken*, 219 F.R.D. at 483. Accordingly, Plaintiff's claim extinguished upon his death and dismissal is appropriate.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Request for Dismissal is hereby GRANTED. (ECF No. 44.) The action is DISMISSED, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: February 10, 2021

Troy L. Nunley
United States District Judge

3